IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE

| | | |
|---|---|---|
| EDWARD DYRENKO, | ) | |
| | ) | |
| Pro Se Plaintiff, | ) | |
| | ) | Case No. 3:09-CV-0592 |
| v. | ) | Judge Trauger/Brown |
| | ) | |
| UNITED STATES POSTAL SERVICE, | ) ) | |
| | ) | |
| Defendant. | ) | |

To: The Honorable Aleta A. Trauger

**REPORT AND RECOMMENDATION**

Presently pending for report and recommendation before the Magistrate Judge is the Defendant's Motion to Dismiss the complaint for lack of jurisdiction and for failure to exhaust administrative remedies. (DE 5). The Magistrate Judge has reviewed the Defendant's supporting memorandum (DE 6). While the Plaintiff, who is proceeding pro se, did not respond to this motion, the Magistrate Judge did discuss it with the parties during a scheduling conference on August 20, 2009.

For the reasons stated below, the undersigned **RECOMMENDS** that the Defendant's motion to dismiss (DE 5) be **granted** and that this action **be dismissed** for lack of jurisdiction and for failure to exhaust administrative remedies.

I. BACKGROUND

The Plaintiff alleges damages suffered as result of a lost package sent through the mail.

1

(DE 1, Exhibit 1). Specifically, Plaintiff alleges that he runs an internet sales business and that the lost package damaged his reputation. *Id*. He filed his suit in General Sessions Court in Wilson County. The Defendant then removed the case to this Court. The Defendant responds that this Court does not have jurisdiction because the Plaintiff has not made a claim under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) ("FTCA"), the United States has not waived sovereign immunity (28 U.S.C. §2680(b)), and the Plaintiff has failed to exhaust his administrative remedies prior to filing suit as required by 28 U.S.C. § 2675(a). (DE 5, page 1 and DE 6, page 1).

## II. LEGAL DISCUSSION

### A. Standard of Review for Motion to Dismiss

An action may be dismissed if the complaint fails to establish that the Court has jurisdiction. Fed. R. Civ. P. 12(b)(1). "Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the...claim is and the grounds upon which it rests." *Erickson v. Pardus*, 550 U.S. 89, 555 (2007). However, although a complaint is to be liberally construed, the District Court need not accept a "bare assertion or legal conclusions." *Id*.; See also *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). When viewing the complaint under the above standards, to survive a motion to dismiss a complaint must contain (1) "enough facts to state a claim to relief that is plausible," (2) more than "a formulaic recitation of a cause of action's elements," and (3) allegations that suggest a "right to relief above a speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-556 (2007).

2

### B. Analysis

It is a well-settled principle that the United States is immune from suit unless it expressly waives its sovereign immunity and consents to be sued. *United States. v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980). Although the FTCA waives United States sovereign immunity in some cases, it also delineates causes of action for which the United States may never be sued. One such cause of action is the matter at hand. The United States has expressly retained its sovereign immunity for claims "arising out of the loss, miscarriage, or negligent transmission of letter or postal matter." 28 U.S.C. § 2680(b). Therefore, claims for the loss, misdelivery or negligent transmission of mail are one such type of claim excepted from the FTCA's waiver of sovereign immunity.

In the instant action, Plaintiff's claim relates entirely to the "miscarriage" or "negligent transmission" of his package once they were placed in the mail. As set forth above, the Untied States maintains sovereign immunity for the mishandling of goods within the postal system. There is nothing before the court showing that the United States has waived this grant of sovereign immunity. Therefore, Plaintiff's claim should be dismissed because this court lacks subject matter jurisdiction.

Further, even if Plaintiff's claims were not barred by sovereign immunity, he has failed to demonstrate that he has exhausted his administrative remedies. Before a plaintiff may bring an action under the FTCA, he must first comply with the administrative claim requirement, which is a prerequisite to filing a claim under the FTCA. 28 U.S.C. §2675(a). Plaintiff does not allege that he complied with the administrative requirements of the FTCA prior to filing this action nor is there any indication in the record that he has done so. The Plaintiff admitted at the hearing

that he had only complained to the local post office and had not filed any claim. Therefore, for this reason, Plaintiff's claims should also be dismissed. During the conference, the Magistrate Judge advised the Plaintiff to contact his local postmaster for the procedure to file a claim for his lost package. The Plaintiff can also view a quick reference guide for indemnity claims for lost or damaged mail as well as the necessary forms at  http:www.usps.com/shipping/onlineforms.htm.

III.  CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that the Defendant's motion to dismiss (DE 5) be **granted** and that this action **be dismissed** for lack of jurisdiction and for failure to exhaust administrative remedies.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have ten (10) days from receipt of any objections filed regarding this Report within which to file a response to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation may constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

ENTERED this  20th day of August, 2009.

*Joe B Brown*

Joe B. Brown
United States Magistrate Judge